UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TAMIO SHIPMAN-ALLEN,

        Petitioner,

  v.                                             Case No. 21-cv-1329-pp

RANDALL HEPP,

        Respondent.

---

**ORDER GRANTING PETITIONER'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING *HABEAS* PETITION (DKT. NO. 1)**

---

On November 17, 2021, the petitioner, who is incarcerated at Waupun Correctional Institution and representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254 challenging his 2017 conviction in Milwaukee County for second-degree reckless homicide, child abuse and neglecting a child. Dkt. No. 1 at 2. With the petition, the petitioner filed a motion for leave to proceed without prepaying the $5.00 filing fee. Dkt. No. 2. This order grants the motion for leave to proceed without prepaying the filing fee, screens the petition, allows the petitioner to proceed and orders the respondent to answer or otherwise respond.

**I.    Motion to Proceed Without Prepaying the Filing Fee (Dkt. No. 2)**

There is a $5.00 filing fee for filing a *habeas* petition. 28 U.S.C. § 1914(a). The petitioner asked the court to allow him to proceed without prepaying that fee. Dkt. No. 2. The request indicates that the petitioner has no assets—no bank account, no retirement account, no investments, no real estate and no other valuable assets. Id. at 2. The petitioner's trust account statement shows

1

that as of December 3, 2021, he had an end balance of $3.76 with an average monthly balance of $1.21. Dkt. No. 6. The court will grant the petitioner's request to proceed without prepaying the filing fee.

## II. Background

The petition refers to State v. Tamio T. Shipman-Allen, Milwaukee County Case No. 2017CF2721 (available at https://wcca.wicourts.gov). Dkt. No. 1 at 2. The court has reviewed the publicly available docket for that case. The docket reflects that on September 22, 2017, the petitioner appeared at a plea hearing with Attorney Patrick Flanagan. Id. The petitioner pled guilty to one count of second-degree reckless homicide, one count of child abuse and one count of neglecting a child. Id. On December 15, 2017, the state circuit court imposed a total sentence of twenty-eight years of initial confinement followed by twelve years of extended supervision. Id. The clerk entered judgment three days later. Id.

On January 4, 2019, the petitioner filed a motion for postconviction relief in the circuit court. Dkt. No. 1 at 27. A week later, the court denied relief. Id. at 32. On February 1, 2019, the petitioner filed a notice of appeal. Shipman-Allen, Case No. 2017CF2721. The Wisconsin Court of Appeals affirmed the circuit court's judgment and denial of postconviction relief a month later. Dkt. No. 1 at 14. On March 31, 2020, the petitioner filed a petition for review in the Wisconsin Supreme Court. Id. at 3. On August 20, 2020, the court denied review. Id.; see also Shipman-Allen, Case No. 2017CF2721. On November 17, 2021, the petitioner filed this federal *habeas* petition. Dkt. No. 1.

## III. Rule 4 Screening

### A. Standard

Rule 4 of the Rules Governing Section 2254 Cases provides:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view of the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). The court also considers whether the petitioner filed within the limitation period, exhausted his state court remedies and avoided procedural default. Generally, a person incarcerated under a state judgment must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, the incarcerated person must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner either must return to state court to exhaust the claim or amend his petition to present only the exhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

Finally, even if a petitioner has exhausted a claim, the district court may be unable to consider the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

B.  Analysis

The petition asserts a single ground for relief: that the petitioner is entitled to withdraw his guilty pleas and proceed to trial. Dkt. No. 1 at 6. The petitioner states that

> his lawyer persuaded him to plead "guilty" by telling him (incorrectly) that he faced a potential life sentence if he went to trail [sic] but that the State would recommend a maximum initial confinment [sic] of 15 years if he pleaded guilty to an amended charge. Counsel grossly overstated the penalty he faced if he lost at trial while simultaneously understating the State's sentencing recommendation. He only entered the plea because of this misinformation.

Id. at 6-7.

To the extent that the petitioner alleges ineffective assistance of counsel, the petitioner has stated a claim generally cognizable on *habeas* review. See Minnick v. Winkleski, 15 F.4th 460, 468-69 (7th Cir. 2021) (considering on *habeas* review a claim that an attorney was ineffective when a petitioner relied on the attorney's estimates regarding sentencing in entering a plea). The court cannot say that it plainly appears from the face of the petition that the petitioner is not entitled to relief on his ground. The court will allow the petitioner to proceed and order the respondent to answer or otherwise respond.

**IV. Conclusion**

The court **GRANTS** the petitioner's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that the petitioner may proceed on the ground stated in his *habeas* petition.

The court **ORDERS** that within sixty days the respondent must answer or otherwise respond to the petition, complying with Rule 5 of the Rules

Governing Section 2254 Cases, and showing cause, if any, why the writ should not issue.

If the respondent files an *answer* to the petition, the petitioner must not object to that answer. Instead, the court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has forty-five days after the respondent files his answer to file a brief in support of his petition (in this brief, the petitioner should explain why he believes the court should grant him the *habeas* relief he requests);

(2) the respondent has forty-five days after the petitioner files his initial brief to file the respondent's brief in opposition to the petition; and

(3) the petitioner has thirty days after the respondent files his opposition brief to file a reply brief, if the petitioner chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion (such as a motion to dismiss the petition), the respondent must include a brief and other relevant materials in support of the motion. The petitioner then must file a brief in opposition to that motion within forty-five days of the date on which the respondent files the motion. If the respondent chooses to file a reply brief, he must do so within thirty days of the date the petitioner files the opposition brief.

The parties must submit their pleadings in time for the court to *receive* them by the deadlines stated above.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the *habeas* petition and any dispositive motions must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of

5

facts, exhibits and affidavits. The court asks the parties to double-space any typed documents.

Under the Memorandum of Understanding between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, the court will notify the Wisconsin Department of Justice (through the Criminal Appeals Unit Director and lead secretary) of this order via Notice of Electronic Filing (NEF). The Department of Justice will inform the court within twenty-one days from the date of the NEF whether the Department of Justice will accept service on behalf of the respondent (and, if not, the reason for not accepting service and the last known address of the respondent).

The Department of Justice will provide the pleadings to the respondent on whose behalf the Department has agreed to accept service of process.

Dated in Milwaukee, Wisconsin this 30th day of January, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**